# PLEA AGREEMENT





| Subject:<br>United States v. Angelique Lee<br>Criminal No. 3:24-cr-72-DPJ-LGI | Date:<br>7/23/2024 |
|---|---|

To:
Aafram Y. Sellers
Sellers & Associates, PLLC
Attorney for Defendant

From:
Charles W. Kirkham
Kimberly T. Purdie
Assistant United States Attorneys
Southern District of Mississippi
Criminal Division

Nicholas W. Cannon
Madison H. Mumma
Trial Attorneys
Public Integrity Section
United States Department of Justice

Angelique Lee, Defendant herein, and Aafram Y. Sellers, attorney for Defendant, have been notified and understand and agree to the items contained herein, as well as in the Plea Supplement, and that:

1.  **Count of Conviction.** It is understood that, as of the date of this plea agreement, Defendant and Defendant's attorney have indicated that Defendant desires to waive Indictment by the grand jury and to plead guilty to a single count Criminal Information charging her with Conspiracy to Commit Bribery, in violation of Title 18, United States Code, Section 371. The elements of this offense are:

   a.  <u>First</u>: that Defendant and at least one other person agreed to commit the crime of Conspiracy to Commit Bribery as charged in the Criminal Information;

   b.  <u>Second</u>: that Defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

    c.    <u>Third:</u> that at least one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the Criminal Information, in order to accomplish some object or purpose of the conspiracy.

The elements of the underlying offense, Bribery Concerning Programs Receiving Federal Funds, in violation of Title 18, United States Code, Section 666(a)(1)(B), are:

    a.    <u>First:</u> that Defendant was an agent of the City of Jackson, Mississippi;

    b.    <u>Second:</u> that the City of Jackson, Mississippi was a local government that received in any one-year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance;

    c.    <u>Third:</u> that Defendant corruptly agreed to accept anything of value from any person with the intent to influenced in connection with any business, transaction, or series of transactions of the City of Jackson, Mississippi; and

    d.    <u>Fourth:</u> that the business, transaction, or series of transactions involved anything of value of $5,000 or more.

    2.    **Sentence.**  Defendant understands that the penalty for the offense charged in the single count of the Information, charging a violation of Title 18, United States Code, Section 371, is not more than five years in prison; a term of supervised release of not more than three years; a fine of up to $250,000; and an obligation to pay any applicable interest or penalties on fines and restitution not timely made. Defendant further understands that if a term of supervised release is imposed, that term will be in addition to any prison sentence Defendant receives and that if any of the terms of Defendant's supervised release are violated, Defendant can be returned to prison for the entire term of supervised release, without credit for any time already served on the term of supervised release prior to Defendant's violation of those conditions. It is further understood that the Court may require Defendant to pay restitution in this matter in accordance with applicable

law. Defendant further understands that Defendant is liable to make restitution for the full amount of the loss determined by the Court, to include relevant conduct, which amount is not limited to the count of conviction. Defendant further understands that if the Court orders Defendant to pay restitution, restitution payments cannot be made to the victim directly but must be made to the Clerk of Court, Southern District of Mississippi. Defendant understands that an order of forfeiture will be entered by the Court as a part of Defendant's sentence and that such order is mandatory.

3. **Determination of Sentencing Guidelines.** It is further understood that the sentence in this case will be determined by the Court, pursuant to factors set forth in 18 U.S.C. § 3553(a), including a consideration of the *Guidelines Manual* (2023) (hereinafter "Sentencing Guidelines"). Defendant understands and acknowledges that the Sentencing Guidelines are advisory only and that Defendant and Defendant's attorney have discussed the fact that the Court must review the Guidelines in reaching a decision as to the appropriate sentence in this case, but the Court may impose a sentence other than that indicated by the Guidelines if the Court finds that another sentence would be more appropriate. Defendant specifically acknowledges that Defendant is not relying upon anyone's calculation of a particular Guideline range for the offense to which Defendant is entering this plea, and the Defendant recognizes that the Court will make the final determination of the sentence and that Defendant may be sentenced up to the maximum penalties set forth above.

4. **Breach of This Agreement and Further Crimes.** It is further understood that should Defendant fail or refuse as to any part of this plea agreement, or commit any further crimes, then, at its discretion, the U.S. Attorney and the Public Integrity Section may treat such conduct as a breach of this plea agreement and Defendant's breach shall be considered sufficient grounds for the pursuit of any prosecutions which the U.S. Attorney and the Public Integrity Section have not sought as a result of this plea agreement, including any such prosecutions that might have been

3

dismissed or otherwise barred by the Double Jeopardy Clause, and any federal criminal violation of which these offices have knowledge.

5. **Financial Obligations.** It is further understood and specifically agreed to by Defendant that, at the time of the execution of this document or at the time the plea is entered, Defendant will then and there pay over the special assessment of $100.00 per count required by Title 18, United States Code, Section 3013, to the Office of the United States District Court Clerk Defendant shall thereafter produce proof of payment to the U.S. Attorney or the U.S. Probation Office. If the Defendant is adjudged to be indigent, payment of the special assessment at the time the plea is entered is waived, but Defendant agrees that it may be made payable first from any funds available to Defendant while Defendant is incarcerated. Defendant understands and agrees that pursuant to Title 18, United States Code, Section 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided in Section 3613. Furthermore, Defendant agrees to complete a Department of Justice Financial Statement no later than seven days after the guilty plea is entered, to provide same to the United States Attorney's Office, and to provide additional financial information to the United States Attorney's Office at any time upon request. Defendant also agrees to provide all of Defendant's financial information the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination. If the Court imposes a schedule of payments, Defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If Defendant is incarcerated, Defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program regardless of whether the Court specifically directs participation or imposes a schedule of payments. Defendant understands and agrees that Defendant shall participate in the Treasury Offset Program until any and all monetary penalties

4

are satisfied and paid in full by Defendant.

6. **<u>Transferring and Liquidating Assets</u>.** Defendant understands and agrees that Defendant is prohibited from transferring or liquidating any and all assets held or owned by Defendant as of the date this Plea Agreement is signed. Defendant must obtain prior written approval from the U.S. Attorney's Financial Litigation Unit prior to the transfer or liquidation of any and all assets after this Plea Agreement is signed and if Defendant fails to do so the Defendant understands and agrees that an unapproved transfer or liquidation of any asset shall be deemed a fraudulent transfer or liquidation.

7. **<u>Future Direct Contact With Defendant</u>.** Defendant and Defendant's attorney acknowledge that if forfeiture, restitution, a fine, or special assessment or any combination of forfeiture, restitution, fine, and special assessment is ordered in Defendant's case that this will require regular contact with Defendant during any period of incarceration, probation, and supervised release. Further, Defendant and Defendant's attorney understand that it is essential that defense counsel contact the U.S. Attorney's Financial Litigation Unit immediately after sentencing in this case to confirm in writing whether defense counsel will continue to represent Defendant in this case and in matters involving the collection of the financial obligations imposed by the Court. If the U.S. Attorney does not receive any written acknowledgment from defense counsel within two weeks from the date of the entry of Judgment in this case, the U.S. Attorney will presume that defense counsel no longer represents Defendant and the Financial Litigation Unit will communicate directly with Defendant regarding collection of the financial obligations imposed by the Court. Defendant and Defendant's attorney understand and agree that such direct contact with Defendant shall not be deemed an improper *ex parte* contact with Defendant if defense counsel fails to notify the U.S. Attorney of any continued legal representation within two weeks after the date of entry of the Judgment in this case.

8. **Waivers.** Defendant, knowing and understanding all of the matters aforesaid, including the maximum possible penalty that could be imposed, and being advised of Defendant's rights to remain silent, to trial by jury, to subpoena witnesses on Defendant's own behalf, to confront the witnesses against Defendant, and to appeal the conviction and sentence, in exchange for the U.S. Attorney and the Public Integrity Section entering into this plea agreement and accompanying plea supplement, hereby expressly waives the following rights:

a. the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Title 18, United States Code, Section 3742, or on any ground whatsoever, and

b. the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, on any ground whatsoever, including but not limited to a motion brought under Title 28, United States Code, Section 2255, and any type of proceeding claiming double jeopardy or excessive penalty as a result of any forfeiture ordered or to be ordered in this case; however, Defendant retains the right to pursue a claim of ineffective assistance of counsel; and

c. any right to seek attorney fees and/or costs under the Hyde Amendment, Title 18, United States Code, Section 3006A, and the Defendant acknowledges that the government's position in the instant prosecution was not vexatious, frivolous, or in bad faith, and

d. all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought by Defendant or by Defendant's representative under the Freedom of Information Act, set forth at Title 5, United States Code, Section 552, or the Privacy Act of 1974, at Title 5,

6

United States Code, Section 552a.

e.      Defendant further acknowledges and agrees that any factual issues regarding the sentencing will be resolved by the sentencing judge under a preponderance of the evidence standard, and Defendant waives any right to a jury determination of these sentencing issues. Defendant further agrees that, in making its sentencing decision, the district court may consider any relevant evidence without regard to its admissibility under the rules of evidence applicable at trial.

f.      Defendant further acknowledges that Defendant's attorney has advised Defendant of Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410. Defendant knowingly and voluntarily waives these rights and agrees that such waiver becomes effective upon Defendant's signing of this Plea Agreement. Defendant agrees that this Plea Agreement and accompanying Plea Supplement, along with any and all factual statements made, adopted, or admitted by Defendant in any form or forum, including at Defendant's plea hearing, can be used against Defendant, without limitation, at any time in any proceeding, including at any trial in this case, should Defendant fail or refuse to fulfill any part of this Plea Agreement and accompanying Plea Supplement and/or should Defendant commit any further crimes, regardless of whether this Plea Agreement and accompanying Plea Supplement have been accepted by the Court. Defendant specifically waives any objection—pursuant to Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other basis—to the use of any and all facts or information to which the Defendant admits or adopts in conjunction with this Plea Agreement or otherwise, including facts and information admitted or adopted by Defendant in open court during Defendant's plea hearing.

g.      Defendant waives any challenge to venue in this district.

7

h.      It is further agreed that should any conviction following the defendant's plea of guilty pursuant to this Plea Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Plea Agreement (including any counts that the United States has agreed not to prosecute or to dismiss at sentencing pursuant to this Plea Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Plea Agreement and the commencement or reinstatement of such prosecution.  It is the defendant's intent in entering this Plea Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Plea Agreement is signed.

**Defendant admits to being guilty of a violation of Title 18 United States Code, Section 371, as alleged in the Criminal Information.**

**Defendant waives these rights in exchange for the United States entering into this plea agreement and accompanying plea supplement.**

9.      **Forfeiture**.  Defendant understands that any forfeiture order entered by the court is mandatory and is a part of her sentence. Defendant agrees to (and does hereby) immediately and voluntarily forfeit to the United States of America all assets and property, real and personal, subject to forfeiture as a result of Defendant's illegal conduct as charged in the Criminal Information in this case (hereafter, the "Subject Property"), regardless of the location of the Subject Property and regardless of whom is in possession, custody or control of the Subject Property.  Defendant agrees to enter into an Agreed Preliminary Order of Forfeiture immediately following the entry of Defendant's guilty plea and to truthfully account for and characterize the nature and value of all of Defendant's assets and the source of such assets to fully identify and account for the Subject Property.

8

Further, relative to the forfeiture herein, Defendant agrees as follows:

a.  To fully assist the U.S. Attorney in the recovery and return to the United States of the Subject Property and to make an immediate, truthful, and complete disclosure to the appropriate federal agent of all assets and property, real and personal, over which Defendant exercises dominion and control or maintains any beneficial interest, including property in the name of a spouse, nominee, or otherwise secreted, together with a proper description thereof, regardless of whether such property has been identified as Subject Property;

b.  To take any actions deemed necessary by the U.S. Attorney to substantiate the truthfulness of any of Defendant's disclosures;

c.  To covenant and agree to forfeit, release, and/or transfer all interests in the Subject Property and to take all steps deemed necessary by the U.S. Attorney to ensure that clear title, ownership, and possession vests in the United States, including, but not limited to, the signing of all instruments necessary to pass title, the approval and signing of any stipulation for judgment or consent decree of forfeiture, and of any other documents necessary to effectuate such transfers and vest clear title in the United States by order of the court and applicable law;

d.  Not to oppose, and to withdraw any previously filed claim or opposition to, any administrative or judicial forfeiture action related to the conduct described in the Criminal Information filed in this case; and Defendant waives any right to receive any notices or pleadings filed in any forfeiture action related to the conduct described in the Criminal Information and that a default or final judgment of forfeiture may be entered against Defendant's interest without further notice to Defendant or Defendant's attorney;

e.  The U.S. Attorney reserves the right to proceed against any assets not initially

identified as Subject Property, either in this agreement or in any other document or instrument in the defendant's criminal case or associated civil actions, if it is discovered that the assets constitute or are derived from the proceeds of any violation(s) contained in the Criminal Information or if the assets facilitated such violation(s), or if the assets were involved in such violation(s), to the extent allowed by law, and the defendant further agrees to assist the Government in such efforts without objection; and

f.      Not to oppose forfeiture of substitute assets if the U.S. Attorney determines that property identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the U.S. Attorney shall be entitled to forfeiture of any other property (a.k.a. "substitute assets") of Defendant up to the value of any property otherwise forfeitable. The Federal District Court shall retain jurisdiction to settle any disputes arising from application of this cause, and all matters will be resolved based on a preponderance of the evidence standard. Defendant agrees that forfeiture of substitute assets, as authorized in this agreement and by 21 U.S.C. § 853(p), shall not be deemed an alteration of Defendant's sentence.

g.      That forfeiture of any asset(s) to the United States shall not be treated as satisfaction of any restitution, fine, cost of imprisonment, or any other penalty the Court may impose upon the Defendant in addition to forfeiture.

h.      By entering into this Plea Agreement and Plea Supplement, Defendant waives all rights to any further notice or right to participate in any ancillary proceeding or any other proceeding pertaining to this forfeiture, and with full knowledge waives the right for a jury to determine any part of any judicial forfeiture proceeding arising out of the facts and

circumstances underlying the Criminal Information. Defendant waives the requirements of the Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the Criminal Information, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment, and agrees not to oppose the efforts of the U. S. Attorney, and to assist as necessary, to amend any document capturing the complete and total forfeiture of all assets determined to be Subject Property or otherwise forfeitable under applicable law.

i.      Defendant acknowledges that the forfeiture of assets is part of the sentence that may be imposed in this case and waives Defendant's right to be informed of any potential forfeiture at the time Defendant's guilty plea is accepted, pursuant to Rule 11(b)(1)(J).

j.      Defendant understands that Defendant's failure to perform the obligations relating to forfeiture may void this Plea Agreement and Plea Supplement in its entirety at the discretion of the U.S. Attorney.

10.     **Complete Agreement.** It is further understood that this plea agreement and the plea supplement completely reflects all promises, agreements and conditions made by and between the United States Attorney's Office for the Southern District of Mississippi, the Public Integrity Section, Criminal Division, United States Department of Justice, and Defendant.

**REMAINDER OF THIS PAGE LEFT INTENTIONALLY BLANK**

Defendant and Defendant's attorney of record declare that the terms of this plea agreement have been:

1. READ BY OR TO DEFENDANT;
2. EXPLAINED TO DEFENDANT BY DEFENDANT'S ATTORNEY;
3. UNDERSTOOD BY DEFENDANT;
4. VOLUNTARILY ACCEPTED BY DEFENDANT; and
5. AGREED TO AND ACCEPTED BY DEFENDANT.

WITNESS OUR SIGNATURES, as set forth below.

TODD W. GEE
United States Attorney
Southern District of Mississippi

_____  Date 07/31/2024
Charles W. Kirkham
Kimberly T. Purdie
Assistant United States Attorneys

COREY R. AMUNDSON
Chief, Public Integrity Section
U.S. Department of Justice

_____  Date 7/31/2024
Nicholas W. Cannon
Madison H. Mumma
United States Department of Justice

FOR DEFENDANT:

_____  Date 7/31/2024
Angelique Lee
Defendant

_____  Date 7/31/24
Aafram Y. Sellers
Attorney for Defendant

12